FILED
2009 Mar-06 AM 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN RUCKER, CAROLYN WILLIAMS, WANDA ANDERSON, MELANIE HOUSE, and THOMAS R. PRINCE, JR., on behalf of themselves and others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| **OASIS LEGAL FINANCE, L.L.C.; GLOBAL FINANCIAL CREDIT, L.L.C.; USCLAIMS; BLUE OCEAN PARTNERS, L.L.C., d/b/a PLAINTIFF SUPPORT SERVICES; and CAMBRIDGE MANAGEMENT GROUP, L.L.C.,** | ) | |
| **Defendants.** | ) | |

**CLASS ACTION COMPLAINT**

COME NOW John Rucker, Carolyn Williams, Wanda Anderson, Melanie House, and Thomas R. Prince, Jr., on behalf of themselves individually and as the representatives of the Class, which is defined herein and is a class of individuals similarly situated to Plaintiffs, and pursuant to Rules 23 and 57 of the Federal Rules of Civil Procedure, makes the following allegations against Defendants:

NATURE OF CASE

1. This action is brought by the above named representative Plaintiffs on behalf of themselves individually and as the representatives of the Class, which is defined as all individuals who have paid money to the above named Defendants since September 1, 2008, under litigation funding agreements, and all individuals who currently have contracts to pay the

above named Defendants out of the proceeds of their pending lawsuits or other legal claims. The Class does not include Defendants, their agents, employees, representatives or legal counsel. This action is brought in response to the illegal litigation funding agreements entered into by Defendants in the State of Alabama. This action is brought under the laws of the State of Alabama, and seeks redress against Defendants for entering into illegal gambling contracts in violation of Alabama law and well-established public policy.

2. Additionally, Plaintiffs bring this action on their own behalf and on behalf of the Class to seek declaration that all litigation funding agreements entered into by Defendants in the State of Alabama are illegal gambling contracts and void as a matter of law and to enjoin the Defendants from collecting any further funds from the Class Members under agreements currently in place and to enjoin the Defendants from entering into further illegal agreements in the State of Alabama.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff, John Rucker, is over the age of nineteen years and is a resident citizen of Jefferson County, Alabama. He is party to lawsuit funding agreements with Oasis Legal Finance, L.L.C., and Global Financial Credit, L.L.C.

4 Plaintiff, Carolyn Williams, is over the age of nineteen years and is a resident citizen of Limestone County, Alabama. She is party to a lawsuit funding agreement with USClaims.

5. Plaintiff, Wanda Anderson, is over the age of nineteen years and is a resident citizen of Jefferson County, Alabama. She is party to a lawsuit funding agreement with Oasis Legal Finance, L.L.C.

6. Plaintiff, Thomas R. Prince, Jr., is over the age of nineteen years and is a resident citizen of Jefferson County, Alabama. He is party to lawsuit funding agreements with Oasis Legal Finance, L.L.C., and Blue Ocean Partners, L.L.C., d/b/a Plaintiff Support Services.

7. Plaintiff, Melanie House, is over the age of nineteen years and is a resident citizen of Mobile County, Alabama. She is party to a lawsuit funding agreement with Cambridge Management Group, L.L.C.

8. Defendant Oasis Legal Finance, L.L.C., to the best knowledge of the Plaintiffs, is a Delaware limited liability company with its principal place of business located at 40 North Skokie Boulevard, Suite 500, Northbrook, Illinois 60062. At all times relevant to this case, Oasis Legal Finance, L.L.C. (hereafter "Oasis"), did business in the State of Alabama, solicited clients in the State of Alabama, and entered into lawsuit funding agreements in the State of Alabama, such as the one entered into with Plaintiffs Rucker, Anderson, and Prince, attached hereto as Exhibits A, B and C. Defendant Oasis is a founding member of the American Legal Funding Association ("ALFA").

9. Defendant Global Financial Credit, L.L.C., to the best knowledge of the Plaintiffs, is a Delaware limited liability company with its principal place of business located at 188 Route 117 By Pass Road, Bedford Hills, New York 10507-2140. At all times relevant to this case, Global Financial Credit, L.L.C. (hereafter "Global"), did business in the State of Alabama, solicited clients in the State of Alabama, and entered into lawsuit funding agreements in the State of Alabama, such as the one entered into with Plaintiff Rucker, attached hereto as Exhibit D. Defendant Global is a founding member of the American Legal Funding Association ("ALFA").

10. Defendant USClaims, Inc. to the best knowledge of the Plaintiffs, is a Delaware corporation with its principal place of business located at 901 Market Street, Suite 469,

Wilmington, Delaware 19801. At all times relevant to this case, USClaims, did business in the State of Alabama, solicited clients in the State of Alabama, and entered into lawsuit funding agreements in the State of Alabama, such as the one entered into with Plaintiff Williams, attached hereto as Exhibit E. Defendant USClaims is a founding member of the American Legal Funding Association ("ALFA").

11.     Defendant Blue Ocean Partners, L.L.C., d/b/a Plaintiff Support Services, Inc., to the best knowledge of the Plaintiffs, is a New York limited liability company d/b/a Plaintiff Support Services, Inc. a Delaware corporation with its principal place of business located at 2430 North Forest Road, Suite 190, Getzville, New York 14068-1535. At all times relevant to this case, Blue Ocean Partners, L.L.C., d/b/a Plaintiff Support Services (hereafter "Plaintiff Support"), did business in the State of Alabama, solicited clients in the State of Alabama, and entered into lawsuit funding agreements in the State of Alabama, such as the one entered into with Plaintiff Prince, attached hereto as Exhibit F. Defendant Plaintiff Support is a founding member of the American Legal Funding Association ("ALFA").

12.     Defendant Cambridge Management Group, L.L.C., to the best knowledge of the Plaintiffs, is a Delaware corporation with its principal place of business located at 266 Harristown Road, Suite 300, Glen Rock, New Jersey 07452. At all times relevant to this case, Cambridge Management Group, L.L.C., (hereafter "Cambridge"), did business in the State of Alabama, solicited clients in the State of Alabama, and entered into lawsuit funding agreements in the State of Alabama, such as the one entered into with Plaintiff House, attached hereto as Exhibit G. Defendant Cambridge is a founding member of the American Legal Funding Association ("ALFA").

13.     Defendants are subject to the personal jurisdiction of this Court.

14. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), in that the putative class has over one-hundred (100) members, is worth over five million dollars, and that there is minimal diversity of citizenship between the Plaintiffs and Defendants.

15. Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C. § 1392(a)(2) and (3), in that the events giving rise to the Plaintiffs claims occurred in this District and that Defendants are subject to personal jurisdiction in this District.

FACTUAL ALLEGATIONS

16. Defendants have entered into "non-recourse" lawsuit funding agreements with the Plaintiffs and members of the putative Class in the State of Alabama.

17. Defendants, all of which are founding members of the American Legal Funding Association ("ALFA"), offer "non-recourse funding" to plaintiffs in Alabama who have personal injury or other similar injury related claims in exchange for a substantial premium to be paid back to the Defendants if the plaintiffs are successful in the prosecution of their lawsuits.

18. Defendants, in their print, television, and internet advertising, hold out that the lawsuit financing they provide is not a loan and that if the plaintiff does not win his or her lawsuit, then the plaintiff does not have to pay the Defendants back. See, Exhibits H - L, attached.

19. Defendants herein have entered into these types of agreements with the Plaintiffs and Class Members in the State of Alabama.

20. Under the terms of these funding agreements, Defendants purport to purchase an "interest" in the lawsuits of the Plaintiffs or Class Members. If the Plaintiffs or Class Members lawsuits are successful and a judgment or settlement is paid to the Plaintiffs or Class Members, Defendants are repaid for the interest they purported to purchase, along with a substantial

premium. If the Plaintiffs or Class Members are unsuccessful in their cases, then Defendants receive nothing.

21. These "non-recourse" funding agreements are nothing more than Defendants placing a wager that the Plaintiffs or Class Members will be successful in the outcome of their cases, with the expectation of a substantial premium being paid on their wager.

22. Defendants have no interest in the Plaintiffs or Class Members underlying lawsuits other than the recovery of money.

23. Alabama law is clear that contracts such as the ones entered into by Defendants in the State of Alabama are illegal gambling contracts and violate the Alabama Constitution, as brought forth under Ala. Code 1975 § 8-1-150, which provides that "all contracts founded in whole or part on a gambling consideration are void." This statute has been held as applicable to legal financing agreements such as those entered into by the Defendants in the State of Alabama. Wilson v. Harris, 688 So. 2d 265 (Ala. Civ. App. 1996). The Court in Wilson stated:

> Wilson, who had no relation to Harris and no legitimate interest in her lawsuit, engaged in speculation as to the outcome of the case for a share of the proceeds in the event of her success. We think such an agreement violates public policy and is void. ... The general tendency of the [legal financing] agreement is opposed to the public interest because it condones speculation in litigation, makes sport of the judicial process, and tempts the unscrupulous to prey upon the distress of the ignorant and unfortunate. **We hold that the agreement violates public policy and is therefore void because it is supported by gambling consideration and its speculative characteristics make it closely akin to champerty.**

688 So. 2d at 270 (emphasis added).

24. Further, the Alabama State Bar Association, in an informal opinion dated March 16, 2007, opined that these legal financing agreements may be in violation of Alabama law and could be viewed as champertous in nature. See, Exhibit M, attached.

25. State and Federal Courts in Alabama have held that when a contract violates a fundamental public policy of the State of Alabama (as is the case with the legal funding agreements at issue here), the choice of law provision of that contract is not to be given effect and Alabama law shall apply. Crown v. Howell, 981 So. 2d 400 (Ala. Civ. App. 2005); Blalock v. Perfect Subscription Co., 458 F. Supp. 123 (S.D. Ala. 1978).

26. Federal Courts in the State of Alabama have held that contracts which are void *ab initio* for violating fundamental public policies of the State of Alabama (as is the case with the legal funding agreements at issue here) have no valid arbitration agreement between the parties. Hendrich v. Pan American Financial Services, Inc., 2006 U.S. Dist. LEXIS 39157 (S.D. Ala. 2006).

## CLASS ALLEGATIONS

27. In addition to bringing this action on his own behalf, Plaintiff also brings this action as the representative of the Class, which is defined as all individuals who have paid money to Defendants, since September 1, 2008, under litigation funding agreements. The Class does not include Defendants, their agents, employees, representatives or legal counsel.

28. Numerosity (F. R. Civ. P. 23(a)(1)): The members of the Class are so numerous and geographically dispersed that joinder of all members is impracticable. On information and belief, Plaintiff alleges that there are hundreds of members of the Class in the State of Alabama.

29. Commonality (F. R. Civ. P. 23(a)(2)): Common questions of law and fact exist as to all members of the Class. These commons questions include, but are not limited to whether Defendants entered into illegal gambling contracts that violate Alabama law and well-established public policy;

30. Typicality (F. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of absent members of the Class.

31. Adequacy of Representation (F. R. Civ. P. 23(a)(4)): The named Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests that are antagonistic to the absent class members. Plaintiff is represented by capable counsel that has experience with respect to prosecuting class cases under the Federal procedural rules governing class actions.

32. Rule 23(b)(1)(A) Class: Class certification is appropriate under F. R. Civ. P. 23(b)(1)(A) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants.

33. Rule 23(b)(2) Class: Class certification is also appropriate under F. R. Civ. P. 23(b)(2) with respect to Plaintiffs demands for injunctive and declaratory relief regarding the validity of the lawsuit funding agreements entered into in the State of Alabama by Defendants.

34. Rule 23(b)(3) Class: Class certification is also appropriate under F. R. Civ. P. 23 (b)(3) with respect to Plaintiffs demands in that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Plaintiffs aver that any damages due to them and the putative class will be in excess of five million dollars ($5,000,000.00) cumulative for the benefit of the class.

## IV. CAUSES OF ACTION

### A. COUNT ONE

### Declaratory Judgment and Injunctive Relief

35. Plaintiffs adopt and re-allege paragraphs 1 through 34 as if set out here in full.

36. Defendants have entered into "non-recourse" lawsuit funding agreements with the Plaintiffs and members of the Class.

37. Under the terms of these funding agreements, Defendants purport to purchase an interest in the lawsuits of the Plaintiffs or Class Members. If the Plaintiffs or Class Members' lawsuit is successful and a judgment or settlement is paid to the Plaintiffs or Class Members, Defendants are repaid for the interest they purported to purchase, along with a substantial premium. If the Plaintiffs or Class Members are unsuccessful in their case, then Defendants receive nothing.

38. Defendants identify their financing agreements in various ways, taking steps to make sure the agreement is not identified as a loan. However, these agreements are nothing more than Defendants placing a wager that the Plaintiffs or Class Members will be successful in the outcome of their case.

39. Defendants have no interest in the Plaintiffs or Class Members' underlying lawsuit other than the recovery of money.

40. Alabama law is clear that contracts such as the ones entered into by Defendants in the State of Alabama are illegal gambling contracts and violate the Alabama Constitution, as brought forth in Ala. Code 1975 § 8-1-150, which provides that "all contracts founded in whole or part on a gambling consideration are void." This statute has been held applicable to legal financing

agreements such as those entered into by the Defendants in the State of Alabama. Wilson v. Harris, 688 So. 2d 265 (Ala. Civ. App. 1996). Such agreements are void as a matter of law.

41. The legal financing agreements of the Defendants should be declared void as a matter of law and as against public policy in the State of Alabama. Defendants should be enjoined from collecting any monies under these contracts and are due to be enjoined from entering into any future illegal agreements of this nature in the State of Alabama.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray, on behalf of themselves and members of the putative class, that this Court enter a declaratory judgment holding that the legal finance agreements entered into by the Defendants with the Plaintiffs and members of the class are void as a matter of law. Plaintiffs pray that this Court enjoin the Defendants from collecting any funds under currently pending agreements in the State of Alabama and further will enjoin the Defendants from entering into any future illegal litigation funding agreements in the State of Alabama. Plaintiff prays for such other, further and different relief as to which the Plaintiff and Plaintiff Class are entitled under the circumstances presented.

## B. COUNT TWO

### Refunds of Monies Paid Under Illegal Gambling Contracts Pursuant to Ala. Code 1975 § 8-1-150

42. Plaintiffs adopt and re-allege paragraphs 1 through 41 as if set out here in full.

43. Defendants have entered into "non-recourse" lawsuit funding agreements with the Plaintiffs and members of the Class.

44. Under the terms of these funding agreements, Defendants purport to purchase an interest in the lawsuits of the Plaintiffs or Class Members. If the Plaintiffs or Class Members' lawsuits are successful and a judgment or settlement is paid to the Plaintiffs or Class Members, Defendants are repaid for the interest they purported to purchase, along with a substantial

premium. If the Plaintiffs or Class Members are unsuccessful in their case, then Defendants receive nothing.

45. Defendants identify their financing agreements in various ways, taking steps to make sure the agreement is not identified as a loan. However, these agreements are nothing more than Defendants placing a wager that the Plaintiffs or Class Members will be successful in the outcome of their case.

46. Defendants have no interest in the Plaintiffs or Class Members' underlying lawsuit other than the recovery of money.

47. Alabama law is clear that contracts such as the ones entered into by Defendants in the State of Alabama are illegal gambling contracts and violate the Alabama Constitution, as brought forth in Ala. Code 1975 § 8-1-150, which provides that "all contracts founded in whole or part on a gambling consideration are void." This statute has been held applicable to legal financing agreements such as those entered into by the Defendants in the State of Alabama. Wilson v. Harris, 688 So. 2d. 265 (Ala. Civ. App. 1996). Such agreements are void as a matter of law.

48. Under the provisions of Ala. Code 1975 § 8-1-150 (a), any person who has paid any money lost upon any wager may recover such money in an action brought within six months of the time of payment.

49. Plaintiffs and Class Members are entitled to return of monies paid by them to Defendants under these illegal gambling contracts since September 1, 2008.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray on their own behalf and on behalf of members of the putative class that this Court to enter a judgment on behalf of the Plaintiffs and Plaintiff Class against the Defendants for such compensatory and punitive damages as to which the Plaintiffs and Plaintiff Class are entitled under the circumstances presented.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, on his own behalf and on behalf of the Class, prays for the following relief:

1. That this Court enter an Order that this action may be maintained as a class action under F.R.Civ.P. 23(b)(1)(A) and/or 23(b)(2) and/or 23(b)(3);

2. That this Court enter an Order declaring that the legal financing agreements entered into by the Defendants in the State of Alabama are void as a matter of law;

3. That this Court enter an Order enjoining the Defendants from collecting any sums under currently pending legal financing agreements in the State of Alabama;

4. That this Court enter an Order enjoining the Defendants from entering into any future legal financing agreements in the State of Alabama;

5. That upon verdict in this case, that this Court will grant compensatory and punitive damages against all Defendants in an amount to be determined by a jury;

6. Grant Plaintiffs the costs of this action, including reasonable attorneys fees;

7. Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the rewarding of which is within the jurisdiction of the Court.

**TRIAL BY STRUCK JURY IS DEMANDED**

Respectfully submitted on this the 4 day of March, 2009.

BRIAN D. TURNER, JR.
ASB-1063-R54B
Attorney for Plaintiffs

OF COUNSEL:
Hill Turner, LLC
2117 Magnolia Avenue, Suite 100
Birmingham, AL 35205
Telephone: (205) 250-7776
Facsimile: (205) 250-7675
e-mail: brian@hillturner.com

AND

JAMES H. McFERRIN
ASB-2945-M72J
Attorney for Plaintiffs

OF COUNSEL:
The McFerrin Law Firm
2117 Magnolia Avenue, Suite 100
Birmingham, AL 35205
Telephone: (205) 870-5704
Facsimile: (205) 250-7675
e-mail: jhmcferring@bellsouth.net

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

OASIS LEGAL FINANCE, L.L.C.
c/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, Delaware 19904

GLOBAL FINANCIAL CREDIT, L.L.C.
c/o The Company Corporation
2711 Centerville Road, Suite 400
Wilmington, Delaware 19808

USCLAIMS
c/o Darryl Levine
901 Market Street, Suite 460
Wilmington, Delaware 19801

BLUE OCEAN PARTNERS, L.L.C.
c/o Scott E. Friedman, Esq.
Lippes Mathias Wesley Friedman
665 Main Street, Suite 300
Buffalo, New York 14203

CAMBRIDGE MANAGEMENT GROUP, L.L.C.,
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801