**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN RUCKER, CAROLYN WILLIAMS, WANDA ANDERSON, MELANIE HOUSE, AND THOMAS R. PRINCE, JR., on behalf of themselves and others similarly situated. | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| OASIS LEGAL FINANCE, L.L.C.; GLOBAL FINANCIAL CREDIT, L.L.C.; USCLAIMS; BLUE OCEAN PARTNERS, L.L.C., d/b/a PLAINTIFF SUPPORT SERVICES; and CAMBRIDGE MANAGEMENT GROUP, L.L.C., | )   CASE NO.: 09-CV-00432<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANT OASIS LEGAL FINANCE, L.L.C.'S
MOTION TO DISMISS FOR IMPROPER VENUE**

Defendant Oasis Legal Finance, L.L.C. ("Oasis") moves this Court to dismiss this case without prejudice for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In support of this Motion, Oasis states as follows:

**Introduction**

Plaintiffs John Rucker ("Rucker"), Wanda Anderson ("Anderson"), and Thomas R. Prince, Jr. ("Prince") filed this class action seeking a declaration that the Puchase Agreements they each separately and independently entered into with Oasis, while represented by counsel of their own choosing, are void as illegal gambling contracts.[1] Each of the Purchase Agreements

---

[1] Plaintiffs' case is also due to be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' case is based entirely on one decision from the Alabama Court of Civil Appeals; a case that is distinguishable from the facts in this case. *See Wilson v. Harris*, 688 So.2d 265 (Ala. Civ. App. 1996). Unlike the situation in *Wilson*, Oasis is a legitimate business entity. Additionally, among other distinguishing features, the transactions in this case were legitimate,

1

expressly states that the parties "irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to the Purchase Agreement, or the relationships that result from the Purchase Agreement."  All of the claims against Oasis should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(3), without prejudice to allow Plaintiffs Rucker, Anderson, and Prince to file their claims in the Circuit Court of Cook County, Illinois in compliance with the Purchase Agreements' forum selection clauses.

## Facts

According to the Complaint, Rucker, Anderson, and Prince independently entered into separate "Purchase Agreements" with Oasis (the "Oasis Purchase Agreements"). [2]  Compl. ¶¶ 3, 5, & 6 & Ex. A, B, & C to Compl.  The Oasis Purchase Agreements expressly state:

> Seller [Rucker, Anderson, or Prince] understands and acknowledges that:  (a) Purchaser [Oasis] has recommended that Seller engage an attorney in connection with the execution and delivery of this Purchase Agreement; and (b) Seller has been represented by or has had the opportunity to be represented by an attorney of Seller's choosing in connection with the execution and delivery of this Purchase Agreement.

Oasis Purchase Agreements, ¶ 8.18.  Rucker, Anderson, and Prince were all separately represented by counsel at the time they signed the Oasis Purchase Agreements, and their attorneys each signed separate "Attorney Acknowledgement" forms.  Affidavit of Michael Pekin ("Pekin Aff."), attached hereto as Exhibit 1, ¶¶ 4 to 6 & Ex. A, B & C, thereto.

---

arms-length business transactions and all of the named-plaintiffs that entered into agreements with Oasis were represented by counsel at the time the agreements were executed.

[2] This action was originally filed by five plaintiffs against five unrelated and competing legal financing companies, including Oasis.  The plaintiffs recently filed a motion to voluntarily dismiss their claims against all defendants except for Oasis.  *See* Docket Entry No. 12.  After the motion to dismiss is granted, the only claims remaining in this case will be those asserted by Plaintiffs Rucker, Anderson, and Prince against Oasis.

Each of the Oasis Purchase Agreements has the same forum selection clause, which provides:

> The Parties hereby irrevocably and unconditionally consent to submit to the **exclusive jurisdiction of the Circuit Court of Cook County, Illinois** for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, **and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois**.  The parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, dispute, claim or other proceeding arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, in the Circuit Court of Cook County, Illinois, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in the Circuit Court of Cook County, Illinois that any such lawsuit, dispute, claim or other proceeding brought in the Circuit Court of Cook County, Illinois has been brought in an inconvenient forum.

Purchase Agreements ¶ 8.11 (emphasis added).

## Argument

**I.     The claims against Oasis should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).**

Rucker, Anderson, and Prince all agreed by signing the Oasis Purchase Agreements "not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois."  Pursuant to the express terms of the Purchase Agreement, any venue other than the Circuit Court of Cook County is improper.  Thus, Rucker, Anderson, and Prince's claims against Oasis should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

"Motions to dismiss upon the basis of choice-of-forum . . . clauses are properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as motions to dismiss for improper venue." *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1290 (11th Cir. 1998).  Forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party

to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also American Performance, Inc. v. Sanford*, 749 F. Supp. 1094, 1096 (M.D. Ala. 1990) ("Federal judge-made law generally favors the enforcement of choice-of-forum clauses, absent exceptional circumstances."). Federal courts generally find that forum selection clauses are "unreasonable" only when: "(1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of [his or her] day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy" (collectively, the "*Shute* Factors"). *Lipcon*, 148 F.3d at 1292 (*citing Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594-95 (1991)); *see also Barnes v. FGL Clearwater, Inc.*, 397 B.R. 149, 154 (Bankr. N.D. Ala. 2008).[3] Because Plaintiffs fail to allege any facts supporting the existence of any of the *Shute* factors with respect to the Oasis Purchase Agreements signed by Rucker, Anderson, and Prince, their claims against Oasis must be dismissed.

First, the Complaint is completely devoid of any allegations that Rucker, Anderson, or Prince was fraudulently induced to enter into the Purchase Agreements. Thus, the first *Shute* Factor does not provide a basis for refusing to enforce the forum selection clauses in the Oasis Purchase Agreements. *See, e.g., Woods v. Christensen Shipyards, Ltd.*, No. 04-61432, 2005 WL

---

[3] Alabama state courts apply a similar standard when deciding whether to enforce a forum selection clause. "Alabama has adopted the majority rule that an outbound forum-selection clause should be enforced so long as enforcement is neither unfair nor unreasonable under the circumstances of the case." *Ex parte Rymer*, 860 So.2d 339, 341 (Ala. 2003). The party challenging the enforcement of a forum selection clause has the burden of "clearly establishing" either (1) that the enforcement of the forum-selection clause would be unfair on the basis that it was affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen forum would be "seriously inconvenient" for the trial of the action. *Id.* "The burden on the challenging party is difficult to meet." *Ex parte D.M. White Constr. Co., Inc.*, 806 So.2d 370, 372 (Ala. 2001).

5654643, *8 (S.D. Fla. Sept. 23, 2005) ("There are no allegations of fraud . . . . Therefore, the Court will not address this consideration because it is not at issue.")

Second, there is also no allegation that the Circuit Court of Cook County, Illinois is so inconvenient or unfair that Rucker, Anderson, or Prince would be completely deprived of their day in Court if the forum selection clauses are enforced.  Plaintiffs' allegations that Rucker, Anderson, and Prince are Alabama residents are not enough to avoid enforcement of the forum selection clauses.  Indeed, with the relative ease of modern travel, concerns regarding the location of witnesses and parties do not rise to the level of inconvenience required to avoid enforcement of a forum-selection clause.  *Woods*, 2005 WL 5654643, *9 (finding that Washington state court is not an inconvenient forum for Florida residents).  Further, Plaintiffs fail to allege that Rucker, Anderson, and Prince cannot afford to litigate their claims in Cook County, Illinois, and, even if they did, financial hardship is not a sufficient ground by itself to refuse to enforce the forum selection clauses.  *P & S Bus. Machs. v. Cannon USA, Inc.*, 331 F.3d 804, 808 (11th Cir. 2003) ("The financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause.")  Further still, because this is a putative class action, Plaintiffs will likely incur very little additional expense if they are forced to re-file their claims in the Circuit Court of Cook County, where they should have been filed in the first place.  As one court recently explained:

> This action has been filed as a putative class action.  Virtually all of the travel expenses and discovery expenses would be those of counsel in taking discovery of the defendants.  Virtually all of the paper discovery and deposition discovery will be of the defendants-not the plaintiff.  Moreover, it is standard practice that deposition of a plaintiff would be in her home city.  Thus, the only possible personal expense would be travel for [Plaintiff] herself to actual trial--something that only a fraction of cases ever reach and something that would likely be years away.

5

*Barnes*, 397 B.R. at 154.  Thus, the second *Shute* Factor does not provide a basis for refusing to enforce the forum selection clauses in the Oasis Purchase Agreements.

Third, requiring the Plaintiffs to re-file in Cook County, Illinois would not deprive Rucker, Anderson, or Prince of an Alabama remedy because all of the Oasis Purchase Agreements have choice of law provisions providing that any claims arising out of or relating to the Purchase Agreements shall be governed by Alabama law.  Thus, the third *Shute* Factor does not provide any grounds for refusing to enforce the forum selection clauses in the Oasis Purchase Agreements.

Fourth, the Eleventh Circuit has already held that the enforcement of forum selection clauses would not contravene a strong public policy of Alabama.  *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1069-70 (11th Cir. 1987), *aff'd on other grounds*, 487 U.S. 22 (1988).  The Eleventh Circuit found that "[t]he Supreme Court of Alabama would not seem to be concerned with the protection of the jurisdiction of the federal district courts located in the state."  *Id.*  Moreover, subsequent to *Stewart*, the Alabama Supreme Court unequivocally held that that forum selection clauses do not violate public policy:

> Because we no longer consider "outbound" forum selection clauses to be void *per se* as against public policy, and because we conclude that § 6-3-1, Ala.Code 1975, does not operate as a statutory prohibition against their enforcement, we now adopt the majority rule that a forum selection clause should be enforced so long as enforcing it is neither unfair nor unreasonable under the circumstances.

*Professional Ins. Corp. v. Sutherland*, 700 So.2d 347, 351 (Ala. 1997).  Thus, the fourth and final *Shute* Factor does not provide a basis for refusing to enforce the forum selection clauses in the Oasis Purchase Agreements.

Accordingly, all of the claims against Oasis should be dismissed without prejudice to Plaintiffs Rucker, Anderson, and Prince re-filing separate lawsuits in the Circuit Court of Cook County, Illinois.

### Conclusion

For the foregoing reasons, all of the claims against Oasis should be dismissed, pursuant to Rule 12(b)(3), without prejudice to allowing Plaintiffs Rucker, Anderson, and Prince to file their claims in the Circuit Court of Cook County, Illinois in compliance with the Purchase Agreements' forum selection clauses.

          _____/s/ Lana A. Olson_____
          Counsel for Oasis Legal Finance, LLC

OF COUNSEL:

Sara Anne Ford
*sford@lightfootlaw.com*
Lana Alcorn Olson
*lolson@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
400 N. 20th Street
Birmingham, AL 35203-3200
(205) 581-0700

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of May 2009, I electronically filed the foregoing with the Clerk of Court using the EM/ECF system, which will automatically send email notification to the following attorneys of record:

    Samuel M. Hill
    Brian D. Turner, Jr.
    Hill Turner, LLC
    2117 Magnolia Avenue
    Suite 100
    Birmingham, AL 35205

    James H. McFerrin
    The McFerrin Law Firm
    2117 Magnolia Avenue
    Suite 100
    Birmingham, AL 35205

    R. Bruce Barze, Jr.
    Daniel E. Harrell
    Balch & Bingham LLP
    Post Office Box 306
    Birmingham, AL 35201-0306

                                                 _____/s/ Lana A. Olson_____
                                                                   Of Counsel