IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN RUCKER, et al., on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> OASIS LEGAL FINANCE, L.L.C.; et al., <br><br> Defendants. | CIVIL ACTION NUMBER: <br> CV 09-U-0432-S |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW the named Plaintiffs, on behalf of themselves and the putative class, and in response to the Defendant's Motion to dismiss state as follows:

INTRODUCTION

Defendant Oasis Legal Finance, L.L.C., has filed a Motion to Dismiss this action under Rule 12(b)(3) of the Federal Rules of Civil Procedure, seeking to enforce an outbound forum selection clause. The Plaintiffs and putative class members aver that they are entitled to a judgment as a matter of law on the underlying contracts as the subject matter of the contracts violates Alabama law and public policy, making the contracts void *ab initio*. As the contracts are void *ab*

1

*initio* and could not legally be entered into in Alabama, the issue of the outbound forum selection clause is moot. However, the forum selection clause itself is not due to be enforced under the circumstances of this case and applicable law favors keeping this matter before this Honorable Court.

## STATEMENT OF UNDISPUTED FACTS

As set forth in the contracts at issue in this case and incorporated in the Plaintiffs' Complaint, the Defendants have entered into contracts with Plaintiffs and members of the putative class, all resident citizens of the State of Alabama, offering "non-recourse" lawsuit funding based upon the potential outcome of the Plaintiff or class member's underlying personal injury case. If the Plaintiff or class member is not successful in prosecuting the underlying personal injury case, the Defendant is not repaid for the amount of the "funding." Defendant calls the "non-recourse" funding a "purchase" – however, the contract requires the Plaintiff or class member upon the successful resolution of the underlying personal injury case to pay the Defendant not only the alleged purchase price, but additional interest as well. Defendants are not party to the underlying personal injury claims, and have no interest in the underlying litigation separate from the recovery of money.

As set forth in the affidavit of Michael Pekin, made part of the Defendant's Motion to Dismiss, the Defendant requires Plaintiff and class members to give a

lien against the proceeds of their underlying personal injury actions through a separate document entitled "Irrevocable Letter of Direction" which is directed to the Plaintiff or class member's attorney of record in the personal injury lawsuit.

The agreements presented to the Plaintiffs and class members by the Defendant, as incorporated as exhibits to the Complaint, include a provision that applies Alabama law as the law governing the agreement. This same provision also includes language purporting to select the Circuit Court for Cook County, Illinois, as the venue for any action related to the agreement.

## STANDARDS TO BE APPLIED IN DECIDING MOTIONS FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure sets forth the standard that this Court is to follow in determining the propriety of granting a summary judgment motion. Rule 56(a) provides that a motion for summary judgment may be filed by the claimant 20 days after the commencement of the action. This action was commenced March 5, 2009, more than 20 days prior to the filing of this Motion. Rule 56(c) provides that this Court can render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The United States Supreme Court, in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202, 211 (1986), expanded on the

language of Rule 56(c) saying that materiality is determined by the underlying substantive law. The Court explained that only disputes over facts that might affect the outcome of the suit can prevent entry of a summary judgment. There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (citations omitted). 477 U.S. at 250, 91 L.Ed.2d at 212. *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265; *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); and *Dombrowski v. Eastland*, 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967).

It is well established that summary judgment should be granted if the moving party shows that (1) that there are no genuine issues of material fact for resolution by a fact finder and (2) that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Whatley v. CNA Ins. Co.*, 189 F.3d 1310, 1313 (11th Cir. 1999). An issue of fact is material if, when viewed under the governing law, it might affect the outcome of the case, and an issue is genuine if, based on the whole record, a reasonable trier of fact could find for the non-moving party. *Anderson*, 477 U.S. at 248; *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir. 1996).

The basic issue before the court on a motion for summary judgment is whether or not sufficient disagreement is presented by the evidence, in light of the applicable substantive law, to require solution by the finder of fact. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In making the determination whether or not the movant has made the required showing, the court's task is <u>only</u> to determine whether or not there is any material issue of fact. *Ryder International Corp. v. First American National Bank*, 943 F.2d 1521, 1523 (11th Cir. 1991); *McKenzie v. Davenport-Harris Funeral Home*, 843 F.2d 930, 934 (11th Cir. 1987). The court is required to view the evidence in the light most favorable to the non-movant and to make all reasonable inferences in that party's favor. *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999); *Whatley*, 189 F.2d at 1313. There is no dispute that Alabama law applies to the contracts at issue in this case. Under Alabama law, it is well settled that if a document is unambiguous, its construction and legal effect is a question of law which may be decided by summary judgment. *Wheeler v. First Alabama Bank of Birmingham*, 364 So. 2d 158 (Ala. 1978).

## ARGUMENT

The Defendant bases its Motion to Dismiss on the outbound forum selection clause included in paragraph 8.11 of the non-recourse legal funding agreement it enters into with Plaintiffs in the State of Alabama. The same provision directs that

the entire contract is governed by the law of the State of Alabama. Applying Alabama law, as provided for under paragraph 8.11, the contract is void for violating well established public policy of the State of Alabama and Plaintiffs are entitled to a judgment as a matter of law on the validity of the contract. Further, the outbound forum selection provision selects the Circuit Court for Cook County, Illinois – an Illinois state court of general jurisdiction – as the forum. Under applicable law, this outbound forum selection clause fails and the issue of relief due to the Plaintiffs and class members is due to be litigated in the Northern District of Alabama.

>   I.  The contracts at issue in this lawsuit are void as a matter of well established public policy of the State of Alabama, and as such, the Plaintiffs and Class Members are entitled to a judgment as a matter of law.

It is undisputed that Alabama law applies to the agreements at issue in this case. Under Alabama law, it is well settled that if a document is unambiguous, its construction and legal effect is a question of law which may be decided by summary judgment. *Wheeler v. First Alabama Bank of Birmingham*, 364 So. 2d 158 (Ala. 1978). These contracts, which are incorporated into the Complaint filed by the Plaintiffs, are unambiguous and everything this Court needs to determine the validity of these contracts is contained within the four corners of the documents themselves. Defendant has entered into what it deems a "non-recourse" purchase agreement with Plaintiffs and class members, providing personal financing to the

6

Plaintiff or class member during the pendency of an underlying personal injury lawsuit. Only if the Plaintiff or class member is successful in resolving the case in his or her favor, then that Plaintiff or class member is obligated to re-pay the Defendant the principal amount of the funding plus interest. The agreement is secured by a lien against the proceeds of the underlying personal injury lawsuit. Regardless of the nomination the Defendant has given to this transaction, the Defendant has no interest in the underlying lawsuit other than hoping the Plaintiff will be successful so that the Defendant will make money. These "non-recourse" funding agreements are nothing more than Defendants placing a wager that the Plaintiffs and class members will be successful in the outcome of their cases, with the expectation of a substantial premium being paid on their wager.

Alabama law is clear that contracts such as the ones entered into by the Defendant in the State of Alabama are illegal gambling contracts and violate the Alabama Constitution, as brought forth under Ala. Code 1975 § 8-1-150, which provides that "all contracts founded in whole or part on a gambling consideration are void." This statute has been held as applicable to legal financing agreements such as those entered into by the Defendant in the State of Alabama. *Wilson v. Harris*, 688 So. 2d 265 (Ala. Civ. App. 1996). The Court in *Wilson* stated:

> Wilson, who had no relation to Harris and no legitimate interest in her lawsuit, engaged in speculation as to the outcome of the case for a share of the proceeds in the event of her success. We think such an agreement violates public policy and is void. ... The general tendency

7

of the [legal financing] agreement is opposed to the public interest because it condones speculation in litigation, makes sport of the judicial process, and tempts the unscrupulous to prey upon the distress of the ignorant and unfortunate. **We hold that the agreement violates public policy and is therefore void because it is supported by gambling consideration and its speculative characteristics make it closely akin to champerty.**

In *Wilson*, Mr. Wilson loaned money to Mrs. Harris during the pendency of an underlying wrongful death lawsuit. The loan was contingent upon Mrs. Harris' successful resolution of that case. In exchange for lending Mrs. Harris money during the litigation, the agreement signed by the parties, as prepared by counsel for Mr. Wilson, provided that he would receive not only the return of the money he loaned Mrs. Harris, but a significant premium from the proceeds of the lawsuit.

The conduct of the Defendant here is indistinguishable. It is of no consequence that the Defendant is an allegedly "legitimate business entity" as the Defendant states in a footnote to its Motion to Dismiss. It is not the nature of the party, but the nature of the agreement that makes these transactions illegal. There is no distinguishing what this Defendant, a limited liability company, has done from the action taken by Mr. Wilson. Both are arms-length transactions based upon written contracts. The Defendant here, even more-so than Mr. Wilson, who personally knew Mrs. Harris, has no relation to the Plaintiffs or class members and is only speculating in the underlying litigation for a share of the proceeds. This is a gambling contract, and as such, it is void under well-established Alabama law.

There is no ambiguity regarding the provisions of the contracts entered into by the Defendant in the State of Alabama. There are no issues of material fact regarding their terms. As Alabama law is clear and unequivocal that agreements such as the ones entered into by the Defendant in the State of Alabama violate the clearly defined public policy of this State and are void *ab initio*, the Plaintiffs and putative class members are entitled to a judgment as a matter of law holding the entire "non-recourse" legal financing agreements are void as a matter of law. This Court has everything before it necessary to make this determination without the need for any further testimony or discovery. As the contracts are void *ab initio*, the Defendant's motion to dismiss fails and this matter should proceed in this Court to determine the relief entitled to the Plaintiffs and class members.

II. Defendant's Motion to Dismiss Under Rule 12(b)(3) of the Federal Rules of Civil Procedure fails separate and apart from the validity of the underlying contract.

The Defendant seeks to have this Court dismiss this case based upon the outbound forum selection clause of paragraph 8.11 of the underlying contracts. It is undisputed that Alabama law governs the terms of these contracts. Under both Alabama and Federal law, this provision fails and Defendant's Motion is due to be denied.

Both Alabama and Federal law apply the same standards when reviewing outbound forum selection clauses. The position of both jurisdictions was

9

summarized by the Alabama Supreme Court in *Ex parte CTB, Inc.*, 787 So. 2d 188 (Ala. 2000). The Alabama Supreme Court stated that an outbound forum selection clause is void when the party challenging the clause clearly establishes that it would be unfair or unreasonable under the circumstances to hold the parties to the agreed upon clause. That burden is met by clearly establishing, "(1) that enforcement of the forum selection clause would be unfair on the basis that the contract was affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen…forum would be seriously inconvenient for the trial of the action." 782 So. 2d 190-191; *citing, Professional Ins. Corp. v. Sutherland*, 700 So. 2d 347, 351 (Ala. 1997). Further, citing *Smith v. Professional Claims, Inc.*, 19, F. Supp. 2d 1276, 1282 (M.D. Ala. 1998), the Alabama Supreme Court opined that such clauses are typically enforced if that burden is not met. Here, the Motion to Dismiss should be denied.

While issues regarding the conduct of the Defendant through its influence and overweening bargaining power may be demonstrated in this case, those factors need not be reached to deny the Defendant's Motion to Dismiss. Requiring the Plaintiffs to re-file this matter in State Court in Illinois will be a serious inconvenience and is unreasonable here.

10

The Defendant chose to focus its argument on the convenience of modern travel, and that Plaintiffs and class members will "likely incur very little additional expense" to support its contention that this outbound forum selection clause is valid. The Defendant is simply wrong. Applying those factors to this case shows that the Plaintiffs and class members will be seriously inconvenienced by a transfer of venue. The only connection between Illinois and this litigation is the fact that Defendant has its headquarters in Illinois. Illinois law does not apply. The contracts were not entered into in Illinois and the underlying personal injury lawsuits are not pending in Illinois. Other than a few possible corporate representative witnesses of the Defendant, every other witness and the majority of evidence relative to this case is located in the State of Alabama. As demonstrated below, there will be serious inconvenience to the Plaintiffs if the outbound forum selection clause is upheld.

The cases cited by the Defendant are easily distinguishable from this case. In each of the cases cited by the Defendant, the forum selection clause applied the law of the selected forum to govern the dispute.[1] Here, the selected venue, Illinois, is

---

[1] a. *Lipcon v. Underwriters at Lloyd's London*, 148 F. 3d 1285 (11th Cir. 1998): governing law – England; forum – England.
b. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972): governing law – England; forum – England.
c. *American Performance, Inc. v. Sanford*, 749 F. Supp. 1094 (M.D. Ala. 199): governing law – Alabama; forum – Circuit Court for Coffee County, Alabama.
d. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991): governing law – Florida; forum – Florida

being asked to interpret fundamental constitutional and public policies of the State of Alabama. It is far more logical and significantly more convenient for the parties for a court in Alabama to apply fundamental constitutional and public policies of Alabama law rather than to ask a state court of general jurisdiction in Illinois to make such determinations. The legal issues in this case are unique under the public policy of this State. One would be hard-pressed to find a public policy issue more strictly enforced in the State of Alabama than the prohibition against gambling. This is not only a statutory prohibition, but a State constitutional prohibition as well. In conjunction with the vast inconvenience for all Plaintiffs, class members and the vast majority of witnesses involved (other than potentially the few employees of the Defendant whose testimony could be procured by deposition at relatively little cost), asking a court of general jurisdiction of a sister state to opine upon such fundamental public policies of the State of Alabama is unreasonable and illogical. While in general outbound forum selection clauses may not be in and of themselves violations of Alabama public policy, as set forth above, these contracts

---

e. *Barnes v. FGL Clearwater, Inc.*, 397 B.R. 149 (Bankr. N.D. Ala. 2008): governing law – Florida; forum – Pinellas County, Florida.
f. *Woods v. Christensen Shipyards, Ltd.*, No. 04-61432, 2005 WL5654643 (S.D. Fla. Sept. 23, 2005): governing law – Washington; forum – Superior Court for Clark County, Washington.
g. *P&S Business Machines, Inc., v. Cannon USA, Inc.*, 331 F. 3d 804 (11th Cir. 2003): governing law – California; forum – California State or Federal Courts.
h. *Stewart Org. Inc., v. Ricoh Corp.*, 810 F. 2d 1066 (11th Cir. 1987): governing law – New York; forum – New York City, Borough of Manhattan.
i. *Professional Ins. Corp., v. Sutherland*, 700 So. 2d 347 (Ala. 1997): governing law – Florida; forum – Duval County, Florida.

unquestionably are violations of clearly established Alabama public policy. A court in Alabama is the most convenient and reasonable forum to resolve issues regarding the validity of these contracts.

Moreover, these legal funding contracts were entered into in Alabama and by their terms, Alabama law governs them. The contracts are unambiguous and contain all the information necessary to determine their validity. As the contracts are invalid, *supra*, paper discovery directed to the Defendant will be quite limited and only a very small number of Defendant's corporate representatives will need to be deposed regarding the relief due to the class. The Plaintiffs and all class members are resident citizens of the State of Alabama and number conservatively in the hundreds of persons. Each entered into his or her contract in Alabama and received his or her contract in Alabama. The vast majority of the witnesses are located in the State of Alabama. The vast majority of the personal injury lawsuits upon which the Defendant made its loans and is attempting to collect illegal proceeds are pending in various courts in the State of Alabama. The proceeds of those lawsuits have been or will be paid in the State Alabama, and financial records relative to those lawsuits are located in Alabama. When weighing the factors relative to convenience, the forum selection clause clearly fails.

This Court already has everything before it required for determining the validity of the underlying contracts. *Wheeler v. First Alabama Bank of*

*Birmingham*, 364 So. 2d 158 (Ala. 1978). Ala. Code 1975 § 8-1-150, provides clearly what relief is due the Plaintiffs and class members. Limited discovery relative to damages does not off-set the significant and serious inconvenience created by this outbound forum selection clause. The forum selection clauses in these void contracts should not be upheld and the Defendant's Motion to Dismiss should be denied.

## CONCLUSION

As there is no genuine issue of material fact regarding the nature of the contracts entered into by the Defendant in the State of Alabama. The contracts are supported by gambling consideration and violate well established public policy. As such, they are void and the Plaintiffs and putative class members are entitled to a judgment as a matter of law regarding their validity. Separate and apart from the invalidity of the entire contract, the forum selection clause fails as a matter of law and the Defendant's Motion to Dismiss is due to be denied.

Respectfully submitted on this the 14th day of May, 2009.

/s/ *Brian D. Turner, Jr.*
Brian D. Turner, Jr.


/s/ *Samuel M. Hill*
Samuel M. Hill
Attorneys for Plaintiffs

OF COUNSEL:
Hill|Turner, LLC
2117 Magnolia Avenue, Suite 100
Birmingham, AL 35205
Telephone: (205) 250-7776
Facsimile: (205) 250-7675
e-mail: brian@hillturner.com
       sam@hillturner.com

                    AND

                    /s/ *James H. McFerrin*
                    James H. McFerrin
                    Attorney for Plaintiffs

OF COUNSEL:
The McFerrin Law Firm
2117 Magnolia Avenue, Suite 100
Birmingham, AL 35205
Telephone: (205) 870-5704
Facsimile: (205) 250-7675
e-mail: jhmcferring@bellsouth.net

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing on counsel for Defendants through the CM/EFS which will provide a copy of the same to the following, on this the 14th day of May, 2009:

Sara Anne Ford
Lana Alcorn Olson
Lightfoot, Franklin & White
400 20th Street North
Birmingham, AL 35203


                    /s/ *Brian D. Turner, Jr.*
                    OF COUNSEL

15