**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN RUCKER, et al** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **vs.** | ) | **CV 09-UNAS-PT-432-S** |
| | ) | |
| **OASIS LEGAL FINANCE, LLC.,** | ) | |
| **et al** | ) | |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM OPINION**

I. Introduction.

Named plaintiffs have filed a proposed class action suit seeking declaratory, injunctive, and monetary relief for alleged harms suffered by them due to alleged  illegal gambling contracts ("Purchase Agreements")  they separately entered into with defendant Oasis Legal Finance, LLC ("Oasis").[1]  The court has for its consideration Oasis's Motion to Dismiss for Improper Venue under Rule 12(b)(3).  Named  plaintiffs have filed a cross motion for partial summary judgment, but first the court will address only the Rule 12(b)(3) motion.

The parties executed the contracts at issue  for at least partial delivery (payment of the "cash advance") within Alabama. *See Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000) ("Alabama permits its courts to exercise jurisdiction over

---

[1]Defendants Global Financial Credit, LLC. Blue Ocean Partners, LLC, and Cambridge Management Group, LLC were voluntarily dismissed without prejudice on May 12, 2009. (Doc. 12.)  Plaintiffs agree that the putative class is limited to Alabama residents who signed the subject type agreements.

nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth

Amendment to the Constitution."). Both the contracts' provisions and the principle of *lex loci*

*contractu*s dictate that the substantive law of Alabama applies to the contracts. *O'Neal v.*

*Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992) ("A federal court in a diversity case is required

to apply the laws, including principles of conflict of laws, of the state in which the federal court

sits."); *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991) ("Alabama follows

the principle of "lex loci contractus," which states that a contract is governed by the laws of the

state where it is made except where the parties have legally contracted with reference to the laws

of another jurisdiction."). Neither party contests this court's original personal and subject matter

jurisdiction.

II. Background.

Oasis is a Delaware limited liability company with its principal place of business located

in Northbrook, Illinois. Oasis is in the business of providing "non-recourse funding" to plaintiffs

involved in pending litigation. Oasis advances funds to the plaintiffs, the amount and terms of

which are determined by Oasis, and, if a plaintiff does not obtain a recovery in the pending suit,

he or she does not repay the advance. However, if the plaintiff does recover, he or she owes the

advanced funds plus a premium, which is calculated as a function of the intervening time

between the "purchase" and the ultimate settlement.

The contracts each contain identical forum selection clauses which read as follows:

8.11. **Governing Law and Forum**. This Purchase Agreement, and all lawsuits, disputes,
claims, or proceedings arising out of or relating to this Purchase Agreement or the
relationships that result from this Purchase Agreement, shall be governed, construed and

enforced in accordance with the laws of the State of Alabama.[2]

      The Parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Circuit Court of Cook County, Illinois for any disputes, claims or other proceedings arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, and agree not to commence any such lawsuit, dispute, claim or other proceeding except in the Circuit Court of Cook County, Illinois. The parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, dispute, claim or other proceeding arising out of or relating to this Purchase Agreement, or the relationships that result from this Purchase Agreement, in the Circuit Court of Cook County, Illinois, and hereby further irrevocably and unconditionally waive and agree not to plead or claim in the Circuit Court of Cook County, Illinois that any such lawsuit, dispute, claim or other proceeding brought in the Circuit Court of Cook County, Illinois has been brought in an inconvenient forum.

      Each of the parties to the Contract further irrevocably consents to the service of process out of the Circuit Court of Cook County, Illinois by mailing copies thereof by Registered Certified United States mail, postage prepaid, to each of the parties of the Purchase Agreement at its address specified in this Contract.

The matter presently at issue is the enforceability of the forum selection clause. Defendant seeks to enforce this provision by moving this court to dismiss this case under Rule 12(b)(3). Plaintiffs, however, argue that because these Purchase Agreements are illegal gambling contracts, they are void *ab initio* in their entirety, and the forum selection clauses are thus unenforceable nullities.

III.  Motion to Dismiss.

    A.  Standard.

    Motions to dismiss on the basis of forum selection clauses, where the mandatory forum is foreign (another state) and transferability under 28 U.S.C. § 1404(a) is not available, are properly brought pursuant to Fed. R. Civ. P. 12(b)(3). *See Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1290 (11th Cir. 1998). To defeat application of a forum selection clause, the plaintiffs

---

[2]This court does not decide whether this Governing Law clause has any direct bearing on the forum selection clause.

have the burden of showing that venue in their chosen forum is proper. *Gulf Power Co. v. Coalsales II, LLC*, 2008 U.S. Dist. LEXIS 15386, 2008 WL 563484, at *5 (N.D. Fla. Feb. 27, 2008) (citing *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). In considering such a motion, the court accepts the facts in the plaintiffs' complaint as true. *Wai*, 315 F. Supp. 2d at 1268. A court may also "consider matters outside the pleadings if presented in proper form by the parties." *MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (2d ed. 1990)). Where conflicts exist between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F. Supp. 2d at 1268.

  B.  Subject Motion.

  Plaintiffs do not challenge the validity of the forum selection clause in and of itself (Plaintiffs do not, for example, allege that the forum selection provision was entered into under duress or through fraud.), but instead argue that the entire contract is illegal and void *ab initio*, and therefore the forum selection clause is unenforceable.[3]

  C.  Forum Selection Clause – Choice of Law[4]

  The United States Supreme Court, the Eleventh Circuit, and the Alabama Supreme Court have all recognized that forum selection clauses are generally enforceable. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) (*Bremen*); *P & S Business Machines, Inc. v. Canon*

---

[3]The parties agree that if the court enforces the forum selection clause, a dismissal without prejudice rather than a transfer is the only choice.

[4]The parties have agreed  that federal law controls with regard to the enforceability of the forum selection clause.  See recorded telephone conference held on July 21, 2009.

*USA, Inc.*, 331 F.3d 804 (11th Cir. 2003); *Professional Ins. Corp. v. Sutherland*, 700 So. 2d 347

(Ala. 1997). Furthermore, it would appear that the validity of forum selection clauses is

determined by general contract principles. *See P & S Business Machines*, 331 F.3d at 807.

 *Bremen* sheds light on the federal standards which should apply in determining whether

to enforce a forum selection clause.  It should be noted, however, for whatever significance it

may have, that *Bremen* is an admiralty case. ("We believe that this is the correct doctrine to be

followed by federal district courts sitting in admiralty."  407 U.S. at 10.).[5] *Bremen* not only

involved admiralty law, it involved an international relationship.  The Court stated, "Thus, in the

light of present-day commercial realities and expanding international trade we conclude that the

forum clause should control absent a strong showing that it should be set aside."  407 at 15.

 *Bremen* further states:

> This case, however, involves a  *freely negotiated* international commercial
> transaction between a German and an American corporation for towage of a vessel
> from the Gulf of Mexico to the Adriatic Sea. As noted, selection of a London forum
> was clearly a reasonable effort *to bring vital certainty* to this international transaction
> and to provide a neutral forum experienced and capable in the resolution of admiralty
> litigation. Whatever 'inconvenience' Zapata would suffer by being forced to litigate
> in the contractual forum as it agreed to do was clearly foreseeable at the time of
> contracting. In such circumstances it should be incumbent on the party seeking to
> escape his contract to show that trial in the contractual forum will be so gravely
> difficult and inconvenient that he will for all practical purposes be deprived of his
> day in court. Absent that, there is no basis for concluding that it would be unfair,
> unjust, or unreasonable to hold that party to his bargain.

407 U.S. at 17-18. (Emphasis added)

 Note the reference to a "clearly reasonable effort to bring *vital certainty* to this

---

[5] This court assumes, however, that *Bremen* has application here. *See, e.g.*, *Sun Trust v. Sun Int'l Hotels, Ltd.,* 184 F. Supp. 2d 1246, 1256-58 (S.D. Fla. 2001) (applying *Bremen*, via *Lipcon*, to non-admiralty, non-international contract provisions). Defendant argues that *Bremen* applies in this case and relies mainly upon it.

*international* transaction and provide a *neutral* forum experienced and capable in the resolution of admiralty litigation." *Id.* There is no reason to suggest that an Illinois state court fits this role in this case.  It is not reasonable to say that the Illinois forum would bring "vital certainty" to the transaction to a greater degree than a forum that is experienced in determining Alabama law or having the means to pose a question to the Supreme Court of Alabama.

　　　The Court in *Carnival Cruise Lines, Inc. v. Shute*, stated:

> The Court *[Bremen] did not define precisely the circumstances that would make it unreasonable for a court to enforce a forum clause.*  Instead, the Court discussed a number of factors that made it reasonable to enforce the clause at issue in *The **B**remen* and that, presumably, would be pertinent in any determination whether to enforce a similar clause.

499 U.S. 585, 591-92 (1991) (Emphasis added)

　　　This suggests that there are not limiting or "narrowing" factors as to what may be "unreasonable." In *Shute*, the Court further stated,

> "*The Bremen* concerned a "far from routine transaction between companies of two different nations contemplating the tow of an extremely costly piece of equipment from Louisiana across the Gulf of Mexico and the Atlantic Ocean, through the Mediterranean Sea to its final destination in the Adriatic Sea." *Id.*, at 13, 92 S.Ct., at 1915. These facts suggest that, even apart from the evidence of negotiation regarding the forum clause, it was entirely reasonable for the Court in *The Bremen* to have expected Unterweser and Zapata *to have negotiated with care in selecting a forum* for the resolution of disputes arising from their special towing contract."

499 U.S. at 592-93. (Emphasis added)

　　　_____*Bremen* summarizes that, "The correct approach would have been to enforce the forum clause specifically unless Zapata could clearly show that enforcement *would* be *unreasonable* and unjust, or that the clause was invalid for such reasons as fraud or overreaching."  407 U.S.

at 15 (Emphasis added).[6]  This court does not find any place in *Bremen* where the court

enunciates specific factors for determining the unreasonableness of selection clauses.

The standards applicable to forum selection clauses in cases involving 28 U. S. C. §

1404(a) differ from those where no federal statute or rule governs. *Stewart Organization, Inc.*

*v. Ricoh Corp.*, 487 U. S. 22, 27 n.6 (1988).  *Stewart* primarily addresses the issue of whether

state or federal law applies.  Here, the plaintiffs acknowledge that federal law applies and

suggest that the state and federal law are the same as to whether the forum selection clause

should be enforced.  When the Alabama Supreme Court adopted the majority rule that

outbound forum selection clauses are enforceable, it did so by expressly citing *Bremen*. The

two-factor standard that the Alabama court articulated reads as follows:

> Plaintiffs . . . have the burden of showing either (1) that enforcement of the
> forum selection clauses would be unfair on the basis that the contracts in
> this case were affected by fraud, undue influence, or overweening
> bargaining power, or (2) that enforcement would be *unreasonable* on the
> basis of that the chosen . . . forum would be seriously inconvenient for the
> trial of the action.

*Sutherland*, 700 So. 2d at 352 (Ala. 1997) (Emphasis added).

Compare this language to the holding in *Bremen*.  *Bremen* also has other language which may

be particularly apt here:

> We are not here dealing with an agreement between two Americans to resolve their
> essentially local disputes in a remote alien forum.  In such a case, the serious
> inconvenience of the parties might carry greater weight in determining the
> reasonableness of the forum clause.  The remoteness of the forum might suggest that

---

[6]*Bremen* specifically adopted the standard that selection clauses should be enforced unless enforcement is shown
to be "unreasonable" which was stated by the dissenters in the Fifth Circuit. 407 U.S. at 10.

the agreement was an adhesive one,[7] or that the parties did not have the particular controversy in mind[8] when they made their agreement; yet even there the party claiming should bear a heavy burden of proof.

407 U.S. at 17.

IV.  Alabama Substantive Law

The case of *Wilson v. Harris*, 688 So.2d 265 (Ala. Ct. of Civ. App. 1996) is apparently the only Alabama case arguably directly on point with regard to the enforcement of agreements similar to the subject agreements.  While the decision is that of the Court of Civil Appeals, the Alabama Supreme Court did deny certiorari.  *Also see Lucky Jacks, etc. v. Jopat Bldg. Corp, etc.*, --- So.3d ----, 2009 WL 2002934 (Ala. 2009) (decided by the Alabama Supreme Court on July 10, 2009, and, though plaintiffs attempt to rely upon it, involving a different Alabama statute than the one relied on by the plaintiffs and not citing *Wilson*). *Wilson* states, "Even though the agreement in this case does not satisfy all the requirements for champerty, we believe that it nevertheless *violates the public policy* against gambling and speculating in litigation."  (Emphasis added). 688 So.2d at 170.  *Also see, Lott v. Kees*, 276 Ala. 556, 560 (Ala. 1964) which refers to "gambling in litigation."

V.  Arbitration Cases

Defendants cite a number of arbitration cases with reference to the selection clause issue.  This court notes that these cases directly involve federal statute(s) (9 U.S. C. § 2, *et. seq.*)  It is well-established that challenges to the validity of the contract as a whole and not

---

[7]As in this case.

[8]Which was not likely here except possibly by the defendant.

specifically to the arbitration clause itself must go to the arbitrator.  This principle does not lie in contract law, however, but in the arbitration statute.  *See Prima Pain Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-404 (1967) ("Accordingly, if the claim is fraud in the inducement of the arbitration clause itself - an issue which goes to the 'making' of the agreement to arbitrate - the federal court may proceed to adjudicate it.  *But the statutory language does not permit the federal court to consider claims of fraud in the inducement of the contract generally*.") (Emphasis added).  *See also Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (1984) (stating that it is a matter of substantive federal law that an arbitration provision is severable from the remainder of the contract).

<u>Further Discussion</u>

The plaintiffs have the burden of showing that venue is proper, and must meet this burden by demonstrating that enforcement is unreasonable and unjust or the product of fraud or overreaching. Plaintiffs do not offer any evidence (or allegations) of fraud, duress, or overreaching, beyond stating that "[w]hile issues regarding the conduct of the defendant through its influence and overweening bargaining power may be demonstrated in this case, those factors need not be reached to deny the defendant's Motion to Dismiss."  Plaintiffs do assert that enforcement of the outbound forum selection clause would "be a serious inconvenience and is unreasonable here."  In support of this assertion, plaintiffs aver that Oasis is "simply wrong" in stating that plaintiffs and class members would likely incur very little additional expense. Plaintiffs point out that the "only connection between Illinois and this litigation is the fact that the defendant has its headquarters in Illinois" and that "other than a few possible corporate representative witnesses of the defendant, every other witness and the

majority of evidence relative to this case are located in the State of Alabama." Plaintiffs also argue that because this matter implicates "fundamental constitutional and public policies of the State of Alabama," it is "far more logical and significantly more convenient for the parties for a court in Alabama" to be the forum of adjudication.

Court's Conclusions

This court concludes that the enforcement of the selection clause would be *clearly* unreasonable. This court's decision is not based upon any financial difficulty which there may be to the plaintiffs nor on the plaintiffs' void *ab initio* argument, but significantly on the inappropriateness of referring a pure question of Alabama law to a foreign state court.

This court concludes that the enforcement of the subject selection clause would be unreasonable because of, *inter alia*, the following circumstances.

(1) The agreements provide that issues of law will be determined pursuant to Alabama law.[9]

(2) The main, if not the sole, underlying legal issue (excluding the forum selection issue) is the validity of the subject agreements and whether or not they are void. This is not a breach of contract case.[10]   It would be unreasonable if not ridiculous, to have an Illinois court determine this issue of Alabama law.

---

[9]*Bremen* suggests that, in that case, the substantive law of the selected forum applied. 407 U.S. at 13,n.15.

[10]*Bremen* may  suggest that forum selection clauses in adhesive contracts and/or in contracts where the parties did not have the particular controversy in mind when they made their agreement are unenforceable. 407 U.S. at 17.  At least, they may be  factors to consider. There is no reasonable inference that the contract was not adhesive, nor that the parties had the legality or illegality of the contracts in mind when they were executed.  Adhesive contracts are not "negotiated with care in selecting a forum."

Page 10 of  12

(3) The Illinois state court referred to in the selection clause would have to determine the state law of Alabama without the ability to certify the question to the Supreme Court of Alabama.[11]

(4) All the plaintiffs are, or have been, residents of Alabama and the agreements were consummated in Alabama.  There may be a dispute as to whether the plaintiffs were represented by attorneys in connection with the execution of the agreements.  The plaintiffs say that the lawyers only agreed, later, to comply with the payment provisions of the agreements.  *Bremen* states, "But this was not simply a form contract with boilerplate language that Zapata [Appellee] had not power to alter." 407 U.S. at 13, n.14. "Zapata made numerous changes in the contract." 407 U.S. at 14, n.16.  The subject agreements were not "freely negotiated."  They are adhesive contracts as to which the parties did not likely contemplate that an Illinois court would be determining their validity under Alabama law.

(5)  The issue with regard to whether the subject agreements are void is substantially, if not totally, a question of law based on substantially undisputed facts.  The residence of witnesses referred to in *P. &.S. Business Machines, Inc.* is not significantly relevant here.  Further, unlike in *P. & S. Business Machines, Inc.*, there is not evidence here that the agreements were negotiated by plaintiffs who are "experienced business professionals."  The court further notes that *P. & S.* is a § 1404(a) case.

(6)  To the extent that the location of parties or witnesses is an issue, the court notes that this action has been filed as a putative class action involving Alabama residents.  This

---

[11]Such a certification could be made by this court, or, since this court will certify its order pursuant to 28 U.S.C. § 1292(b), by the Eleventh Circuit Court of Appeals if it accepts an appeal.

could be particularly relevant if individual damages or other common and typical, but somewhat individually different, issues are raised.

(7)  Defendants cite *Muzumdar v. Wellness International Network, Ltd.*, 438 F.3d 759 (7th Cir. 2006).  While this case is somewhat persuasive, it is not controlling.  Further, this court does not agree that a "federal cour[t] in [Alabama] would first have to determine whether the contracts were void before [it] could decide whether, based on the forum selection clauses, [it] should be considering the case at all." *Id.* at 762.  The initial issue is whether the enforcement of the selection clause is unreasonable under the circumstances.  This court does not have to determine if the agreements are void to determine that issue.[12]

This case is appropriate for certification under 28 U.S.C. § 1292(b) and the court will express that opinion in a contemporaneous order.

This the 6th day of August, 2009.

Robert B. Propst

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

_____

_____

[12]This case clearly involves the public policy of Alabama.  It is not clear, however, whether the "public policy" concern of *Bremen* relates to the forum selection clause or to the substantive law applicable to the contract.  *See Bremen*, 407 U.S. at 15 where the Court says "A contractual choice-of-forum should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.  *See, e.g., Boyd v. Grand Truck W.R. Co.*, 338 U.S. 263, 70 S.Ct. 26, 94 L.Ed. 55 (1949)."